FILED

13 DEC 18 PM 1:20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VAZQUEZ, CDCR #D-18168, | Civil No.    13cv1734 BEN (BGS) |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |
| vs. | |
| GEORGE A. NEOTTI; W. SUGLISH; B. KOEN; PAYNE; R. DAVIS; M. JANNUSH; HUBERT; SANCHEZ, | |
| Defendants. | |

## I.

### PROCEDURAL HISTORY

On July 24, 2013, Martin Vazquez ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 5), along with a "Motion to Allow Plaintiff to Re-File 42 U.S.C. § 1983" (ECF No. 3).

/ / /

1  On October 17, 2013, this Court granted Plaintiff's Motion to file this action,
2  granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for
3  failing to state a claim upon which relief could be granted. (ECF No. 6.) Plaintiff was
4  granted leave to file an Amended Complaint in order to correct the deficiencies of
5  pleading identified by the Court. (*Id.*) On November 7, 2013, Plaintiff filed his First
6  Amended Complaint ("FAC"). (ECF No. 7.)

7  ## II.

8  ### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

9  Notwithstanding IFP status or the payment of any partial filing fees, the Court
10 must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory
11 screening and order the sua sponte dismissal of any case it finds "frivolous, malicious,
12 failing to state a claim upon which relief may be granted, or seeking monetary relief from
13 a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254
14 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not
15 limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
16 (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte
17 dismiss an *in forma pauperis* complaint that fails to state a claim).

18 Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua
19 sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130.
20 However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an
21 action filed pursuant to the IFP provisions of section 1915 make and rule on its own
22 motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal
23 Rule of Civil Procedure 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127;
24 *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that
25 sua sponte screening pursuant to § 1915 should occur "before service of process is made
26 on the opposing parties").

27 "[W]hen determining whether a complaint states a claim, a court must accept as
28 true all allegations of material fact and must construe those facts in the light most

1 favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*,

2 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of

3 Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty

4 to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839

5 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases."

6 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation

7 to a pro se civil rights complaint, however, the court may not "supply essential elements

8 of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673

9 F.2d 266, 268 (9th Cir. 1982).

10 **A.   1983 Standard**

11 Section 1983 imposes two essential proof requirements upon a claimant: (1) that

12 a person acting under color of state law committed the conduct at issue, and (2) that the

13 conduct deprived the claimant of some right, privilege, or immunity protected by the

14 Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*,

15 541 U.S. 637, 643 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en

16 banc).

17 **B.   Defendants Neotti and Jannush**

18 In his First Amended Complaint, Plaintiff no longer names Neotti and Jannush as

19 Defendants. In the Court's previous Order, Plaintiff was cautioned that any Defendants

20 "not named and all claims not re-alleged in the Amended Complaint will be deemed to

21 have been waived." (ECF No. 6 at 8 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

22 1987)).) Therefore, because Plaintiff has not renamed Neotti and Jannush as Defendants

23 in his First Amended Complaint, the Court **DISMISSES** them from this action and

24 directs the Clerk of Court to terminate them from the docket.

25 **C.   Rule 8**

26 Plaintiff's First Amended Complaint contains a number of rambling and disjointed

27 allegations. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state

28 a claim for relief in a pleading it must contain "a short and plain statement of the grounds

1  for the court's jurisdiction" and "a short and plain statement of the claim showing that
2  the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1) & (2). Here, the Court finds that
3  Plaintiff's First Amended Complaint falls shorts of complying with Rule 8.

4  **D.   Conspiracy Claims**

5  In his First Amended Complaint, Plaintiff makes broad allegations of conspiracy
6  by some of the named Defendants. "To state a cause of action under § 1985(3), a
7  complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons
8  the equal protection of the laws, or of equal privileges and immunities under the laws,
9  (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal
10  injury, property damage or a deprivation of any right or privilege of a citizen of the
11  United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin*
12  *v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529,
13  1536 (9th Cir. 1992). "[T]he language requiring intent to deprive *equal* protection . .
14  . means that there must be some racial, or perhaps otherwise class-based, invidiously
15  discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see*
16  *also Sever*, 978 F.2d at 1536.

17  Here, Plaintiff fails to allege membership in a protected class and fails to allege
18  that any Defendant acted with class-based animus, both of which are essential elements
19  of a cause of action under 42 U.S.C. § 1985(3). *See Griffin*, 403 U.S. at 101-02; *Schultz*
20  *v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff must
21  show membership in a judicially-designated suspect or quasi-suspect class); *Portman v.*
22  *Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993). Therefore, Plaintiff's
23  conspiracy claims must be dismissed for failing to state a claim upon which relief may
24  be granted.

25  **E.   Eighth Amendment Claims**

26  Plaintiff claims that for a period of a few days, before he was transferred to
27  another prison, he ran out of his pain medication. (*See* FAC at 9.) In order to assert a
28  claim for inadequate medical care, Plaintiff must allege facts which are sufficient to

1  show that each person sued  was "deliberately indifferent to his serious medical needs."
2  *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106
3  (1976).  Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or
4  medical needs; neither an inadvertent failure to provide adequate medical care, nor mere
5  negligence or medical malpractice constitutes a constitutional violation.  *Estelle*, 429
6  U.S. at 105-06.

7      Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an
8  objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy
9  of comment, one which significantly affects his daily activities, or one which is chronic
10  and accompanied by substantial pain, *see Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th
11  Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of
12  each individual Defendant.  *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

13      In general, deliberate indifference may be shown when officials deny, delay, or
14  intentionally interfere with a prescribed course of medical treatment, or it may be shown
15  by the way in which prison medical officials provide necessary care.  *Hutchinson v.*
16  *United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that an
17  inmate's civil rights have been abridged with regard to medical care, however, "the
18  indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,'
19  or 'medical malpractice' will not support this cause of action."  *Broughton v. Cutter*
20  *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also*
21  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

22  Here, Plaintiff alleges that he reminded Defendant Sanchez to renew his medication but
23  his prescription "ran out." (*See* FAC at 9.)  Plaintiff does not provide any facts that
24  would support a finding, at this time, that Defendant Sanchez was deliberately indifferent
25  for failing to renew Plaintiff's prescriptions in a timely manner.  Inadequate treatment
26  due to malpractice, or even gross negligence, does not amount to a constitutional
27  violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.
28  1990).

1       Thus, Plaintiff's inadequate medical care claims are dismissed for failing to state

2 a claim upon which relief can be granted.

3     **F.**    **Respondeat Superior**

4       Finally, to the extent Plaintiff seeks to sue Defendants based merely on their

5 supervisory positions, such allegations are insufficient to state a claim against these

6 Defendants because there is no respondeat superior liability under 42 U.S.C. § 1983.

7 *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into

8 causation must be individualized and focus on the duties and responsibilities of each

9 individual defendant whose acts or omissions are alleged to have caused a constitutional

10 deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,

11 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff

12 must allege personal acts by each individual Defendant which have a direct causal

13 connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d

14 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

15       Supervisory prison officials may only be held liable for the allegedly

16 unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show:

17 (1) how or to what extent they personally participated in or directed a subordinate's

18 actions, and (2) in either acting or failing to act, they were an actual and proximate cause

19 of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740,

20 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's First Amended

21 Complaint fails to set forth facts which might be liberally construed to support an

22 individualized constitutional claim against Defendant Suglish.

23       Therefore, the Court finds that Plaintiff's First Amended Complaint must be

24 **DISMISSED** without prejudice for failing to state a claim upon which relief can be

25 granted. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

26 ///

27 ///

28 ///

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      Defendants Neotti and Jannush are **DISMISSED** from this action.  The Clerk of Court is directed to terminate these Defendants from the docket.

2.      Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Second Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. CAL. CIV. L.R. 15.1.  Defendants not named and all claims not re-alleged in the Second Amended Complaint will be deemed to have been waived.  *See King*, 814 F.2d at 567.  Further, if Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3.      The Clerk of Court is directed to mail Plaintiff a Court approved civil rights § 1983 form complaint.

**IT IS SO ORDERED.**

DATED: _____

_____
**HON. ROGER T. BENITEZ**
United States District Court